UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL KONRAD ISCH,
    Plaintiff,

No. 1:09-cv-415

-v-

HONORABLE PAUL L. MALONEY

MEIJER, INC.,
    Defendant.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND ORDER COMPELLING ARBITRATION

This matter comes before the Court on Defendant Meijer Inc.'s motion (Dkt. No. 7) for summary judgment. Plaintiff Isch, proceeding *pro se*, submitted a letter to the court alleging employment discrimination based upon a disability. Plaintiff also submitted a financial affidavit. Plaintiff was granted leave to proceed *in forma pauperis*.[1] Defendant Meijer was served on June 4, 2009. In lieu of an answer, on June 22, 2009, Defendant Meijer filed this motion for summary judgment and to compel arbitration of Plaintiff's claims. On September 1, 2009, this Court ordered Defendant to serve Plaintiff with the motion or, in the alternative, to file proof Plaintiff was served with the motion. The Court has since been made aware that proof of service was filed with the motion.[2] To date, Plaintiff has not filed a response. The time for any response to Defendant's motion has expired. *See* W.D. MICH. L.CIV.R. 7.2(c).

---

[1] The combined submissions opened a case file and was assigned a case number. The letter has been treated as Plaintiff's complaint. Plaintiff filed a motion for default, which was denied, in which he referenced his letter as a complaint. (*See* Dkt. No. 8.)

[2] The proof of service was an untitled page inserted between the final page of Defendant's brief in support and the first attached exhibit. The docket entry does not reference the proof of service.

ANALYSIS

Although no response has been filed, Defendant must still establish it is entitled to summary judgment. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008). The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case. *Bennett v City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The facts, and the inferences drawn from them, must be viewed in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Once the moving party has carried its burden, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Matsushita*, 475 U.S. at 574. The question is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252.

Defendant contends Plaintiff agreed to arbitrate his employment claims and seeks summary judgment on the basis of that agreement. According to Defendant, Plaintiff applied for a position on June 13, 1998. (Employment Application.) Plaintiff was hired on June 24, 1998 and has since worked in various positions for Defendant. (W. Alighire Affidavit ¶ 3.) The application for employment included the following statement:

> If I am hired into or later transferred or promoted to a non-bargaining unit position,

> I agree to arbitrate any claim, controversy, dispute, or complaint arising out of or relating to the termination of my employment under any company arbitration policy and/or procedure which exists at the time of the termination of my employment and for which I am eligible.

(Employment Application; Alighire Affidavit ¶ 3.) Defendant asserts Plaintiff was hired into a non-bargaining unit position at its store in Traverse City, Michigan. (*Id.*) Defendant argues, at the time Plaintiff was hired, it had a dispute resolution procedure, the Termination Appeal Procedure (TAP), in place that provided for final and binding arbitration. (Alighire Affidavit ¶¶ 8-9.) Defendant explains the TAP remained in effect until March 22, 2004, when it implemented a new Dispute Resolution Procedure (DRP). (*Id.* ¶ 10.) The DRP was in effect when Plaintiff was terminated and applied to him. (*Id.* ¶¶ 10-12.) The DRP requires employees covered by the policy to submit "claims involving legally protected rights arising out of or related to your employment and/or separation from employment to final and binding arbitration." (Dispute Resolution Procedure at 5.)

The Sixth Circuit Court of Appeals has provided guidelines for district courts to evaluate claims for arbitration under the Federal Arbitration Act.

> Under the Federal Arbitration Act, 9 U.S.C. § 2, (FAA), a written agreement to arbitrate disputes which arises out of a contract involving transactions in interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." The FAA was designed to override judicial reticence to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation. When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue. Claims relating to fraud in the making of an arbitration agreement are determined by the court. Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration. Likewise, any ambiguities in the making or doubts as to the parties' intentions should be resolved in favor of arbitration.

3

> When considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of the agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) (citations omitted). *See also Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 888-890 (6th Cir. 2002).

This Court has reviewed the motion, supporting brief, the attached exhibits and relevant legal authority. This Court has also reviewed Plaintiff's complaint and the attached exhibit, but does not have benefit of a response from Plaintiff. Viewing the facts in a light most favorable to Plaintiff, Defendant is entitled to summary judgment. The four tasks this Court must perform all indicate Defendant is entitled to have Plaintiff arbitrate his claims. The parties agreed to arbitrate their claims. The DRP covers Plaintiff's claims against Defendant. Congress has not indicated employment discrimination suits on the basis of disability are nonarbitrable. Finally, given the only claims raised are covered by the arbitration agreement, a stay of the proceedings is not necessary.

Accordingly, Defendant Meijer Inc.'s motion (Dkt. No. 7) for summary judgment and to compel arbitration is **GRANTED.** This action is **DISMISSED** and Plaintiff **SHALL ARBITRATE** his claims under the parties' arbitration agreement. **IT IS SO ORDERED.**


Date:   September 3, 2009                                           /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    Chief United States District Judge