UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL K. ISCH,
   Plaintiff,

             No. 1:09-cv-415

-v-

             HONORABLE PAUL L. MALONEY

MEIJER, INC.,
   Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the court on Plaintiff Isch's motion (Dkt. No. 16) for reconsideration. Plaintiff, acting pro se, filed a complaint against Defendant Meijer alleging discrimination in his employment. Defendant filed a motion to compel arbitration, asserting the claims in the complaint were covered by the arbitration clause in Plaintiff's employment agreements. This court granted Defendant's motion and ordered Plaintiff to arbitrate his claims. Plaintiff seeks reconsideration of that order.

Under the Local Rule of Civil Procedure for the Western District of Michigan, a court may grant a motion for reconsideration when the moving party demonstrates both a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. MICH. L. R. CIV. P. 7.4(a). A motion for reconsideration will be denied where the issues raised by the moving party have already been raised and ruled upon by the court, either expressly or by reasonable implication. *Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004).

Plaintiff asserts two reasons in support of his motion for reconsideration. Plaintiff argues he "agreed to binding arbitration thru the Civil Rights Complaint filed. Meijer refused arbitration

at that time." (Dkt. No. 16.)  Plaintiff reasons Defendant Meijer, having refused arbitration, cannot now force him to arbitrate his claims.  Plaintiff also argues the time limit to request arbitration in Defendant's policy is inconsistent with the time limits to file a suit for violations of his civil rights.

Plaintiff neglected to file an answer to Defendant's motion to compel arbitration.  All of these arguments could have been raised by way of a response.  Defendant would then have been afforded an opportunity to reply to them.  By failing to properly raise these points in response to Defendant's motion, they have been waived.  *See Michigan Dessert Corp. v. A.E. Staley Mfg. Co.*, 23 F.App.'x 330, 336 (6th Cir. 2001) (per curiam); *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994); *American Meat Inst. v. Pridgeon*, 724 F.2d 45, 47 (6th Cir. 1984) (per curiam).  Plaintiff has not supported his assertions here with any documentary evidence.  Plaintiff has not established any palpable defect by which this court was misled.  Therefore, Plaintiff's motion (Dkt. No. 16) for reconsideration is **DENIED.  IT IS SO ORDERED.**


Date:  October 5, 2009                                                      /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge